# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**MARCUS B. GOSWICK,**

 *Plaintiff*,

**v.**                 Case No. SA-22-CV-1204-JKP-ESC

**EQUIFAX INFORMATION SERVICES, LLC, et al.,**

 *Defendants*.

## MEMORANDUM OPINION AND ORDER

  Before the Court is a Motion to Dismiss (ECF No. 77) filed by Defendant Liberty County Mutual Insurance Company ("Liberty"). Pursuant to Fed. R. Civ. P. 12(b)(6), it seeks to dismiss the claims asserted against it. In response, Plaintiff voluntarily dismisses a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f), while opposing dismissal of his claim asserted under the Texas Debt Collection Act ("TDCA"). ECF No. 79 at 1-2 & n.1. With Liberty's reply (ECF No. 83), the motion is ripe for ruling. Given the voluntary dismissal of the FCRA claim, the Court finds the motion moot to that extent. For the reasons set forth below, the Court otherwise denies the motion.

### I. BACKGROUND[1]

  In 2020, Plaintiff learned that he was a victim of identity theft. Liberty is a creditor and owner of an insurance related account obtained in Plaintiff's name as part of that identity theft. Liberty hired CCS National LLC (d/b/a Credit Collection Services) ("CCS") to help collect the debt owed from Plaintiff. According to Plaintiff, CCS has reported false information to credit reporting agencies and/or are attempting to collect on a debt not owed by him. He characterizes CCS as a debt collector defendant while characterizing Liberty as an original creditor. In February 2022,

---

[1] The background is taken from Plaintiff's allegations, which the Court views in a light most favorable to Plaintiff consistent with the applicable standard of review.

CCS first attempted to collect from Plaintiff a debt owed to Liberty. Plaintiff received six debt collection letters from CCS between February and June 2022. In July 2022, Plaintiff disputed the reported debt owed to Liberty. In both July and September 2022, CCS reported the false debt on credit reports.

Plaintiff commenced this action against numerous defendants in November 2022. After he filed his amended complaint (ECF No. 52) in mid-December 2022, several defendants, including Liberty, filed answers, *see*, *e.g.*, ECF No. 60, and he began resolving his claims against the various defendants. He asserts two claims against each defendant characterized as a debt collector or original creditor. He asserts violations of the TDCA, Tex. Fin. Code Ann. §§ 392.304(a)(8) and (19), which respectively prohibit "misrepresenting the character, extent, or amount of a consumer debt" or "using any other false representation or deceptive means to collect a debt." He premises the (a)(8) violation on "misrepresenting the character, extent and amount of the debt as collectible, when in fact it was the product of identity theft." He also states that "[t]he Debt Collector and Original Creditor Defendants further made false representations or deceptive means to collect the debt from" him. He seeks injunctive and monetary relief.

Liberty has moved for dismissal, which Plaintiff opposes. The motion is ripe for ruling. At this point, Plaintiff essentially pursues this action only against Liberty.

## II. APPLICABLE LEGAL STANDARD

Because Liberty filed its motion to dismiss after filing its answer, the motion is untimely. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). Nevertheless, district courts properly treat such an untimely motion "as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted." *Id*. Courts do not err when they construe a purported Fed. R. Civ. P. 12(b)(6) as a motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c). *Id*.

The standard for a motion for judgment on the pleadings under Rule 12(c) is the same as for a motion filed under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). At its essence, this standard requires the complaint to plead "enough facts to state a claim to relief that is plausible on its face."[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, viewing the pleading "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe*, 528 F.3d at 418 (citation omitted).

As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). And despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) has the burden to show that dismissal is warranted. *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021). The same is true for motions considered under Rule 12(c).

### III. ANALYSIS

Liberty seeks dismissal of the TDCA claims because the TDCA applies only to debt

---

[2] Based upon a reference in Plaintiff's response, the Court expressly points out that it is no longer proper to rely on *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and other cases predating *Iqbal* and *Twombly* to argue that courts may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [the plaintiff] to relief," because "*Twombly* stepped away from that language used in *Conley*." *See O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *5 n.1 (W.D. Tex. Mar. 3, 2020).

collectors, not creditors. ECF No. 77 at 2, 4. Plaintiff disagrees. *See* ECF No. 79.

Section 392.304(a) of the Texas Debt Collection Act undoubtedly applies to debt collectors only. The Fifth Circuit has recognized that the TDCA "distinguishes between creditors and debt collectors" and that the TDCA's "prohibitions apply only to debt collectors." *Miller v. BAC Home Loans Servicing, LP*, 726 F.3d 717, 722 (5th Cir. 2013). But the distinction does not end the discussion because creditors and debt collectors are not mutually exclusive under the TDCA, as is easily seen from the Act's definitions.

The TDCA defines "Creditor" as "a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." Tex. Fin. Code Ann. § 392.001(3). A "Debt Collector" is "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." *Id*. § 392.001(6). And "'Debt collection' means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id*. § 392.001(5). Texas, furthermore, defines "Third-party debt collector" by reference to 15 U.S.C. § 1692a(6), except that it also excludes certain attorneys from the definition. *See id*. § 392.001(7).

In general, § 1692a(6) broadly defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." But § 1692a(6) excludes from the definition six broad exceptions (Clauses (A) through (F)). Nevertheless, notwithstanding the Clause (F) exclusion, debt collector for purposes of § 1692a(6) "includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

4

"The TDCA's definition of debt collector is broader than" § 1692a(6). *Miller*, 726 F.3d at 722. Moreover, the Texas Supreme Court long ago confirmed that the TDCA applies to creditors attempting to collect a debt owed to themselves. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 679-80 (Tex. 1986). After recognizing that the "primary question presented" was whether a creditor could violate the TDCA, the court held that there was "no evidence to support the trial court's finding that [the creditor] did not violate the Texas Debt Collection Act." *Id*. In making that holding, the Texas Supreme Court recognized that the Act's "history indicates that the Legislature passed the Debt Collection Act to prevent creditors from preying upon a consumer's fears and ignorance of the law to pursue allegedly delinquent debts." *Id*. at 680.

The Texas Supreme Court's holding remains consistent with the plain language of the TDCA. Nothing in the TDCA definitions exclude a creditor from also being a debt collector. Given the more expansive "general definition of 'debt collector,'" the TDCA "intended to encompass creditors collecting their own debts." *Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-CV-334, 2013 WL 2417832, at *7 (S.D. Tex. June 3, 2013) (citation omitted). What ultimately matters is not the label placed on a defendant but whether the defendant engaged in debt collection within the meaning of the Act. And, if so, did that defendant take actions in violation of the Act. Although the TDCA includes separate definitions of "debt collectors' and 'third-party debt collectors," the substantive provisions of the TDCA "prohibiting fraudulent behavior, unfair means, and abuse apply equally to both," with one exception. *Id*. at *7 & n.3. That exception is not relevant in this case.

Liberty focuses solely on the label Plaintiff placed on it. And while labeling Liberty as only a creditor suggests that Plaintiff did not consider Liberty as a debt collector, he did lump creditors and debt collectors together for his TDCA claims. The assertion of those claims against Liberty indicates that Plaintiff considered Liberty to be liable under the TDCA. The fact that Liberty is a creditor does not exclude it from engaging in debt collection activities that would also make it a

5

debt collector under the TDCA.

Because Liberty seeks dismissal only because it is a creditor, it has not carried its burden to show that dismissal is warranted. This typically ends the analysis on a motion to dismiss or motion for judgment on the pleadings. But, in this case, after Plaintiff convincingly argued the error in that legal premise through his response to the motion, Liberty replies that the TDCA claims fail because it "was decidedly not a debt collector in this matter." ECF No. 83 at 2. It then proceeds to argue that Plaintiff's pleading does not allege that it "attempted to collect the debt or ever behaved as a debt collector." *Id*. at 3. But that argument differs from the original premise of the motion to dismiss – that the TDCA simply does not apply to a creditor.

Liberty contends that Plaintiff's apparent argument "that the TDCA can apply to creditors like Liberty, but only if those creditors are also found to be debt collectors," makes "a distinction without a difference." *Id*. at 4. It contends that the distinction makes no difference because Plaintiff has not alleged Liberty to have been a debt collector and it was not in fact a debt collector, it cannot be liable under the TDCA. *Id*. (emphasis removed). However, the distinction does make a difference when the entire original premise for the motion to dismiss is that the TDCA does not apply to a creditor.

The burden imposed on a movant to present a viable basis for the motion often impacts whether a motion succeeds or fails. By failing to argue the pleading deficiencies of Plaintiff's amended complaint as it relates to it being a debt collector, Liberty rested its motion entirely on the legal premise that the TDCA does not apply to creditors. Because the law does not support that premise, the motion fails.

Liberty attempts to overcome the failure of its original premise by arguing pleading deficiencies for the first time in its reply. "Of course, as recognized by the Fifth Circuit, '[a]rguments raised for the first time in a reply brief are generally waived.'" *Mission Toxicology, LLC v.*

6

*Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)). Such waiver is subject to the court's discretion to consider the argument sua sponte. *Jones*, 600 F.3d at 541. "A district court does not abuse its discretion when it considers an argument raised for the first time in a reply brief so long as it gives the 'non-movant an adequate opportunity to respond prior to a ruling.'" *Thompson v. Dallas City Attorney's Off.*, 913 F.3d 464, 471 (5th Cir. 2019) (quoting *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004)).

In this instance, Plaintiff's factual allegations appear insufficient as Liberty notes in its reply. At no point does Plaintiff specifically allege that Liberty was a debt collector or engaged in conduct that violates Tex. Fin. Code Ann. §§ 392.304(a)(8) or (19). He creates unnecessary ambiguity in his pleading by suing nine entities for various claims and lumping all debt collector defendants with all original creditor defendants as to alleged violations of the TDCA. His specific factual allegations concerning Liberty itself does not appear to state a plausible claim under either (a)(8) or (19).

While Plaintiff broadly alleges that all "Debt Collector and Original Creditor Defendants" violated (a)(8) by misrepresenting that character, extent, and amount of debt, he makes no specific allegation that Liberty itself made any such misrepresentation. Instead, Liberty's hired debt collector, CCS, made all specifically alleged representations concerning the insurance policy issued by Liberty. Plaintiff needs more than lumping various defendants together and ambiguously alleging a violation of (a)(8).

And with respect to (a)(19), the Fifth Circuit has specifically held that "refer[ring] vaguely to [a debt collector] 'using a false representation or deceptive means to collect a debt,'" is insufficient "to overcome dismissal under Rule 12(b)(6)." *Miller*, 726 F.3d at 724. Plaintiff's pleading does not provide enough facts under (a)(19) and *Miller*.

Were the Court inclined to exercise its discretion to consider the pleading deficiencies first raised in Liberty's reply brief, it would find merit to the motion to dismiss. In his response, however, Plaintiff asserts that he "has obtained additional information as to Liberty's direct attempts to collect the fraudulent debt." He thus seeks leave to amend his pleading if the Court is inclined to grant Liberty's motion. Liberty opposes the request to amend.

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that dismissal is warranted. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

Although Plaintiff does not provide specifics as to what additional information he would add in another amendment, his response does indicate that he has not pled his best case. In light of the procedural posture of this case, the Court finds that allowing another amendment is an adequate alternative to definitively addressing dismissal based on arguments first raised in Liberty's reply brief. Such an amendment disposes with any need to (1) make a definitive ruling on the asserted pleading deficiencies or (2) allow Plaintiff an opportunity to directly respond to the new arguments. In fact, the proposed amendment itself appears to be an adequate opportunity for Plaintiff to indirectly respond to the argued pleading deficiencies.

Furthermore, the proposed amendment appears warranted to focus on factual allegations against Liberty – essentially the last remaining defendant in this case. Plaintiff is not proposing the filing of new claims. To the contrary, in response to the instant motion, he has voluntarily dismissed one claim against Liberty. It appears warranted and helpful to have Plaintiff file a focused amended complaint that clears up the ambiguity of the current pleading and provides specific factual allegations about Liberty's actions that allegedly violate the Texas Debt Collection Act.

While an amended complaint appears warranted at this juncture, the Court also considers the practical realities of this case. Under the current Scheduling Order (ECF No. 73), the deadline for seeking leave to amend pleadings expired on April 24, 2023; discovery expired August 23, 2023; dispositive motions are due on or before November 5, 2023; and mediation is to be completed by November 30, 2023. At this point, the parties should know all facts relevant to the TDCA claims that remain against Liberty. Even if Plaintiff has not set out sufficient facts in his pleading, that does not mean that any party lacks knowledge of the facts forming the alleged violations of the TDCA. At this stage of the litigation, the focus should be resolving this case on the facts whether that be through mediation or the summary judgment process.

The parties should have all facts needed to conduct a meaningful mediation. Given the resolution of this case against other defendants, it appears the parties may be able to reach an amicable agreement to resolve this case without expending additional time and resources in making court filings. Requiring the filing of another amended complaint or a summary judgment motion before the parties' mediation deadline appears inefficient and unnecessarily taxing on time and resources that could be better utilized in pursuing a negotiated resolution of the TDCA claims against Liberty. Accordingly, the Court leaves the present mediation deadline in place while sua sponte extending the dispositive motion deadline. Further, if mediation is unsuccessful, Plaintiff shall file an amended complaint consistent with this Memorandum Opinion and Order. The amendment will not add any new claims. And, absent further order of the Court, it shall be limited to Liberty, as Plaintiff has indicated that he has resolved all claims against other defendants.

For the foregoing reasons, the Court **MOOTS** in part and otherwise **DENIES** the Motion to Dismiss (ECF No. 77) filed by Defendant Liberty County Mutual Insurance Company. The motion is moot to the extent Defendant seeks dismissal of claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f). The Court otherwise denies the motion. Although arguments made in

reply may have merit, the Court finds that the best course at this stage of the litigation is to permit another amendment. But it defers such filing until the parties have had an opportunity to mediate or otherwise resolve this case without further court filings. For purposes of efficiency and conservation of resources, the Court **extends the dispositive motion deadline to January 2, 2024**, while requiring Plaintiff to file an amended complaint **no later than December 7, 2023, seven days after the November 30, 2023 mediation deadline**.

    **It is so ORDERED this 14th day of September 2023.**

                      */s/ Jason Pulliam*
                      **JASON PULLIAM**
                      **UNITED STATES DISTRICT JUDGE**